# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN RICHARD QUEVI, | Civil No. 1:21-CV-0514 |
| Petitioner, | |
| v. | |
| KEVIN KAUFFMAN, Superintendent, *et al.*, | |
| Respondents. | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court for screening is Pennsylvania state inmate Kevin Richard Quevi's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Quevi seeks to be placed on home confinement until the Pennsylvania Department of Corrections ("DOC") is better able to manage the spread of COVID-19 within its facilities.  (Doc. 1.)  Petitioner paid the requisite filing fee on April 1, 2021.  (Doc. 4.)  For the reasons that follow, the petition will be dismissed without prejudice to Petitioner seeking state habeas corpus relief pursuant to 42 PA. CON. STAT. Ann. § 6502(a) from the Allegheny Court of Common Pleas or other relief from the DOC.  To the extent one is needed, a certificate of appealability will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Kevin Richard Quevi ("Petitioner" or "Quevi") is a 41-year-old male with a history of childhood pneumonia that has left him prone to bouts of bronchitis. (Doc. 1, p. 1.)[1]  Quevi is presently housed at the Huntingdon State Correctional Institution ("SCI-Huntingdon"), in Huntingdon, Pennsylvania. (*Id.*)  Quevi filed his habeas corpus petition on March 22, 2021.

Petitioner was convicted on July 23, 1999, of second-degree murder by an Allegheny County Court of Common Pleas jury.  He is serving a life sentence.  *See Quevi v. Lawler*, CP-02-CR-0007417-1998 (Allegheny Cnty. Ct. Com. Pls.) (docket sheet).[2]  He is not challenging his sentence or conviction via his petition. (Doc. 1, p. 1.)

In his March 22, 2021 petition, Quevi expresses the view that the "COVID 19 virus could be fatal to" him.  (*Id.*, p. 2.)  He is concerned that the DOC's efforts to quell the spread of the virus at SCI-Huntingdon have been unsuccessful.  (*Id.*, p. 1.)  He states that recently "a rash of new COVID 19 was discovered and the entire prison went into a medical lockdown on March 4, 2021, with everyone locked in their cell and no movement in the prison whatsoever, in an attempt to stop the

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] The court takes judicial notice of Petitioner's criminal docket sheet, available to the public at *https://ujsportal.pacourts.us/* (last visited April 8, 2021).

2

spread of the COVID 19 virus in the prison." (*Id*.) He asks this court to place him on "home confinement while the COVID 19 virus is spreading throughout the prison system." (*Id*., p. 2.)

## JURISDICTION

A federal district court is authorized to issue habeas corpus relief for individuals incarcerated pursuant to a judgment of a state court only if the prisoner is "in custody in violation of the Constitution or the laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Thus, a habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner in custody pursuant to the judgment of a state court to challenge the "fact or duration" of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Velazquez v. Sup't. Fayette SCI*, 937 F.3d 151, 158 (3d Cir. 2019). Here, jurisdiction is proper as Quevi is presently in state custody within this district due to his conviction in the Court of Common Pleas of Allegheny County, Pennsylvania, and his petition for habeas relief seeks his immediate release from custody. *See* 28 U.S.C. § 2241(d).

## STANDARD OF REVIEW

This matter is before the court for screening. *See* 28 U.S.C. § 2243. The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Patton v. Fenton*,

491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## DISCUSSION

Quevi seeks habeas corpus relief in the form of compassionate release on home confinement pending the allegedly unchecked spread of COVID-19 in his facility. (Doc. 1.) While Quevi resides within this district, thus providing the court with concurrent jurisdiction over Quevi's petition, he was sentenced in the Allegheny County Court of Common Pleas, which lies within the Western District of Pennsylvania. *See* 28 U.S.C. § 2241(d). Nonetheless, and assuming without deciding that Quevi can seek his temporary release due to COVID–19 in a habeas petition, he is first required to exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b)(1); *see also Davis v. Kauffman*, Civ. No. 1:21-CV-0277, 2021 WL 1225930 (M.D. Pa. April 1, 2021) (dismissing state prisoner's habeas petition due to his failure to exhaust available state court remedies to address COVID-19 condition of confinement concerns); *Massey v. Estock*, Civ. No. 1:20-CV-271, 2020 WL 8224836, *2 (W.D. Pa. Nov. 2, 2020) citing *Clauso v. Warden*, Civ. No.

20-5521, 2020 WL 2764774 (D. N.J. May 27, 2020); *see also Malloy v. Dist. Att'y of Montgomery Cnty.*, 461 F.Supp.3d 168 (E.D. Pa. 2020) (dismissing state inmate's COVID-19 habeas petition due to failure to exhaust state court remedies through state trial court or appellate courts).

Habeas corpus relief cannot be granted unless: 1) all available state court remedies on the federal constitutional claims have been exhausted; 2) there is an absence of available state corrective process; or 3) circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). It is the petitioner's burden to demonstrate that he has raised his claims in the proper state forums through the proper state vehicles, not just that he raised a federal constitutional claim before a state court at some point. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). There are only two grounds upon which exhaustion may be excused: (1) if "there is an absence of available State corrective process," or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Even assuming Quevi could bring a federal habeas petition seeking a modification of his state imposed sentence based on his conditions of confinement, federal habeas relief is unavailable because he has not alleged or presented any

proof that he exhausted available state remedies or the lack of a state court remedy. In Pennsylvania, compassionate release, or deferment of sentence, allows for the temporary placement of a state convicted inmate to a hospital, long-term care nursing facility or hospice care location under electronic monitoring provided certain requirements are met. *See* 42 PA. CON. STAT. ANN. § 9777. An inmate or person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court for such relief. *Id.*, § 9777(a)(2). Additionally, in order to obtain relief, a petitioner must make a prima facie claim that his current facility lacks the resources to treat him or that his illness compromises the collective health of the institution holding him. *Commonwealth v. Lightcap,* 806 A.2d 449 (Pa. Super. 2002). Alternatively, Quevi may file a state petition for writ of habeas corpus pursuant to 42 PA. CON. STAT. ANN. § 6502(a). In Pennsylvania, aside from challenging the illegality of one's confinement, "habeas corpus is available to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal." *Com. Ex rel. Bryant v. Hendrick*, 280 A.2d 110, 113 (Pa. 1971). Quevi's present habeas request falls within this category as he clearly is not challenging his conviction or sentence but expresses concern for his health due to COVID-19 within the prison setting. As such, he could file a state habeas petition to pursue the claims he presents in this matter.

Finally, a third alternative form of relief is available to Quevi via Governor Wolf's temporary program to reprieve sentences of incarceration for those inmates who meet established criteria. *See Daily Population Report (4/7/21), https://www.cor.pa.gov/Pages/COVID-19.aspx* (last visited April 8, 2021). This program "temporarily suspends the sentences of incarceration of those persons who qualify and comply with supervision requirements for such length of time as may be necessary" during the Commonwealth's disaster emergency as a result of COVID-19. (*Id.*) The Pennsylvania Department of Corrections' Daily Population Reports reflect how many inmates are granted reprieve releases under the Governor's program. *See https://www.cor.pa.gov/Pages/COVID-19.aspx* (Daily Population Reports, last visited April 8, 2021). Whether Quevi would qualify for such a reprieve is unknown.

In conclusion, as more than one available state court remedy exists for Quevi to pursue his request for temporary home confinement, the court is barred from addressing Quevi's petition. 28 U.S.C. § 2254(c).

## CONCLUSION

For the foregoing reasons, Quevi's petition for writ of habeas corpus proceeding under 28 U.S.C. § 2254 is denied without prejudice due to his failure to exhaust his available state court remedies. A certificate of appealability will not issue because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and would agree that the court's procedural disposition of the claim to be correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Dated: April 9, 2021        Middle District of Pennsylvania